HEARD NOVEMBER TERM, 1876.

## HENNEMAN *vs.* THOMSON.

Service of a summons in a Trial Justice's Court upon one who is a resident of this State, by leaving a copy at his "most notorious place of residence," he being absent from home at the time, is sufficient.

The drawer of a draft in favor of a third person cannot maintain an action thereon against the acceptor without proof, by endorsement, transfer, assignment, or some other mode, that he is the owner.

BEFORE NORTHROP, J., AT SPARTANBURG, AUGUST, 1876.

This was an action by J. A. Henneman against W. W. Thomson, brought before a Trial Justice. The Trial Justice gave judgment for the plaintiff and the defendant appealed to the Circuit Court.

The case, as stated in the brief, is as follows:

On the 11th day of January, 1875, Henneman drew a draft on Thomson, payable at sight, to the order of George Cofield, Cashier. It was accepted by Thomson. The draft was for $108.$\frac{52}{100}$, and the following credits were endorsed upon it:

" 1875—February 15.—By cash on within, $6.50.   J. A. Henneman."

" 1875—March 26.—By cash, $25.   J. A. Henneman."

The action was to recover the balance due upon this draft. The Constable who was appointed to serve the summons made return thereto that he had served the same on the 20th of January, 1876, by leaving a copy thereof at defendant's "most notorious place of residence."

The defendant was a resident of the State, and it was admitted at the hearing that he was absent from home, but within the State, at the time the copy summons was left at his house.

The defendant failed to appear or make any defense, by answer or otherwise, to the action, and the Trial Justice gave judgment against him by default.

The grounds of appeal to the Circuit Court were:

I. Because the defendant was not served with summons in this action.

II. Because the judgment was contrary to law.

His Honor the Circuit Judge ruled that the service of the summons was sufficient, and that the plaintiff could maintain the action, although there was no protest of the draft, or assignment or endorsement of the same by the payee to the plaintiff, and he made an order that the appeal be dismissed.

The defendant appealed to this Court on the following grounds:

I. That His Honor erred in ruling that personal service of the summons was not necessary in Trial Justices' Courts.

II. That he erred in ruling that the plaintiff could recover on the draft, although there was no protest or assignment or endorsement of the same by Cofield.

*J. S. R. Thomson,* for appellant:

The personal service of a summons is necessary in Courts of Trial Justice as well as in other Courts.

The Act of 1839, (Rev. Stat., 207,) which allows service by a Constable to be sufficient if made by leaving a copy at the "most notorious place of residence" of the defendant, is repealed by Section 157 of the Code. (Rev. Stat., 601.)   That Section, after providing for service of summons on corporations, minors and persons of unsound mind, enacts that the service shall be " in all other cases to the

defendant personally." This was amended by Act of 1875 (15 Stat., 869,) by adding "if the said defendant is a resident of this State, but is temporarily absent therefrom, to any person over twenty-one years of age residing at the residence or employed at the place of business of said absent person."

He cited Section 91, and contended that Section 157 does apply to the Courts of Trial Justice. He cited other authorities upon the first ground of appeal, and upon the second he contended that the plaintiff could not maintain the action.

The draft was payable to George Cofield or his order. It was payable at sight. There was no evidence that it had been protested, and none that it had been assigned, endorsed or transferred in any way to the plaintiff. He cited on this point 1 Pars. on Notes and Bills, *61, *438, 451; 2 Chit. Pl., 148; *Nichols* vs. *Gross*, 2 Law and Eq. Rep., 275, and other authorities.

*Bobo & Carlisle,* contra.

April 19, 1877. The opinion of the Court was delivered by

WRIGHT, A. J. This action was brought in the Trial Justice's Court on a draft drawn by respondent and accepted by the appellant, and was payable to the order of George Cofield. The appellant is a resident of this State, but was not at his home at the time notice for his appearance at the Trial Justice's Court was served. The Constable made oath that he left the summons at the appellant's "most notorious place of residence." Two questions arise in this case for our consideration: First, was the service in this case, as proved by the Constable, sufficient to bring the appellant into Court? Second, could the respondent recover against the appellant upon this draft, which was not protested, assigned or endorsed by George Cofield, the payee? Section 11 of Chapter XXVI, p. 207, of the General Statutes, is as follows: "The service by a Constable of all process in the nature of a notice for personal appearance shall be by delivering to the party a copy of the same, or by leaving the same at his most notorious place of residence." This Section is of force, and, the appellant being absent from his "most notorious place of residence," the service, as proved by the Constable, in this case was sufficient. The draft being drawn payable to the order of George Cofield, and he not having protested, endorsed or assigned and delivered the same to any person or per-

sons, and there being no evidence that the plaintiff was the owner or holder, the payee (George Cofield) is the only party who has the lawful right of action.—*Bank of United States* vs. *Syman*, 20 V*t*., 666. The judgment in the Trial Justice's Court should have been set aside.

*Willard*, A. J., concurred.